

1 | James G. Garcia
PrisonerID#: K-26584
2 | Ironwood State Prison
P.O. Box 2199, D3-102
3 | Blythe, California 92226

4 | Plaintiff, In pro se

5

6 | UNITED STATES DISTRICT COURT

7 | NORTHERN DISTRICT OF CALIFORNIA

8

9 | JAMES G. GARCIA,                    )    No: CV 07-6262 CRB (PR)
                                       )
10 |              Plaintiff,            )
                                       )
11 |        v.                          )    **JOINDER OF PERSONS NEEDED FOR JUST**
                                       )    **ADJUDICATION**
12 | BEN CURRY, Warden, et al.,         )
                                       )
13 |              Defendant's,          )
   |_____)

14

15 |        I, James G. Garcia, plaintiff in the above action move Honorable Court

16 | to notice of Federal Rules of Civil Procedures Rule 19(a), wherefore plaintiff

17 | does not wish to frustrate Honorable Court, but to request Courts permission

18 | for redress of Courts prior Conclusion of Courts Order of Service.

19 |        In Courts prior Conclusion of Courts Order of Service, Court ordered

20 | that the following defendant's be served: Warden Ben Curry, Chief Deputy

21 | Warden Pat Barker, Capt. A. Tucker, Lt. V.S. Khan, Lt. D.N. McCall and Sgt.

22 | L.S. Locke, however, Court failed to include **Captain A.E. Roberts** in its

23 | order of service, thus plaintiff motions Court in good faith for redress

24 | of its order up and to including Capt. A.E. Roberts in its order of service.

25 |        This request was not served on defendant Capt. A.E. Roberts because

26 | counsel for defendant has not been designated, thus Court has proper

27 | authorization over plaintiffs motion executed this 2nd day of May 2008.

28

1.

1 | **FOR THE FORGOING REASONS STATED ABOVE** plaintiff request that Court grant

2 | plaintiffs motion for JOINDER OF PERSONS NEEDED (Capt. A.E. Roberts) FOR

3 | JUST ADJUDICATION.

4 | Dated: May 2, 2008                    Respectfully submitted,

5

6

7 |                                       James G. Garcia
  |                                       PrisonerID#: K-26584
8 |                                       Ironwood State Prison
  |                                       P.O. Box 2199, D3-102
9 |                                       Blythe, CA 92226

10|                                       Plaintiff, In pro se

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILED**

APR 1 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES G. GARCIA,                          )
                                          )
            Plaintiff(s),                 )        No. C 07-6262 CRB (PR)
                                          )
      v.                                  )        ORDER OF SERVICE
                                          )
BEN CURRY, Warden, et al.,                )
                                          )
            Defendant(s).                 )
                                          )

Plaintiff, a prisoner at Ironwood State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at the Correctional Training Facility in Soledad, California ("CTF").

**DISCUSSION**

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

1    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

2    essential elements: (1) that a right secured by the Constitution or laws of the

3    United States was violated, and (2) that the alleged violation was committed by a

4    person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48

5    (1988).

6    B.    Legal Claims

7    Plaintiff alleges that on September 29, 2006, CTF Sergeant L. S. Locke

8    jumped on his back and injured him.  Plaintiff filed a grievance against Locke, to

9    which CTF Lt. V. S. Khan and CTF Capt. A. Tucker responded by placing

10   plaintiff in administrative segregation.

11   Plaintiff further alleges on October 5, 2006, Locke and Khan wrote a false

12   rules violation report against plaintiff in retaliation for plaintiff's conduct and

13   influence as a member of the inmate advisory council.  Plaintiff was found guilty

14   of conduct which could lead to disorder by CTF Lt. D. N. McCall and ordered to

15   remain in segregation by CTF  Chief Deputy Warden Pat Barker.  Plaintiff was

16   later ordered transferred to another institution by CTF Captain A. E. Roberts and

17   CTF Warden Ben Curry.  Plaintiff claims that all of these actions were taken in

18   retaliation for his conduct and influence as an inmate advisory council member.

19   Liberally construed, plaintiff's allegations state a cognizable § 1983

20   damages claim for use of excessive force against Locke, and a cognizable § 1983

21   damages claim for retaliation against Locke, Khan, Tucker, McCall, Barker,

22   Roberts and Curry.  See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (prison

23   officials may not use force maliciously and sadistically to cause harm); Pratt v.

24   Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (prison officials may not retaliated

25   against inmates for exercising their constitutional rights unless their actions

26   advanced legitimate penological goals such as preserving institutional order and

27

28                                         2

1  discipline). Chief of Inmate Appeals N. Grannis is dismissed. It is well-

2  established that there is no constitutional right to a prison administrative appeals

3  or grievance system, much less an effective one. See Ramirez v. Galaza, 334

4  F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.

5  1988).

6  **CONCLUSION**

7  For the foregoing reasons and for good cause shown,

8  1.    The clerk shall issue summons and the United States Marshal shall

9  serve, without prepayment of fees, copies of the complaint in this matter, all

10  attachments thereto, and copies of this order on the following defendants at CTF:

11  Warden Ben Curry, Chief Deputy Warden Pat Barker, Capt. A. Tucker, Lt. V. S.

12  Khan, Lt. D. N. McCall and Sgt. L. S. Locke.  The clerk also shall serve a copy

13  of this order on plaintiff.

14  2.    In order to expedite the resolution of this case, the court orders as

15  follows:

16  a.    No later than 90 days from the date of this order, defendants

17  shall file a motion for summary judgment or other dispositive motion. A motion

18  for summary judgment shall be supported by adequate factual documentation and

19  shall conform in all respects to Federal Rule of Civil Procedure 56, and shall

20  include as exhibits all records and incident reports stemming from the events at

21  issue. If defendants are of the opinion that this case cannot be resolved by

22  summary judgment or other dispositive motion, they shall so inform the court

23  prior to the date their motion is due. All papers filed with the court shall be

24  served promptly on plaintiff.

25  b.    Plaintiff's opposition to the dispositive motion shall be filed

26  with the court and served upon defendants no later than 30 days after defendants

27

28                                                        3

1    serve plaintiff with the motion.

2            c.      Plaintiff is advised that a motion for summary judgment

3    under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your

4    case.  Rule 56 tells you what you must do in order to oppose a motion for

5    summary judgment.  Generally, summary judgment must be granted when there is

6    no genuine issue of material fact--that is, if there is no real dispute about any fact

7    that would affect the result of your case, the party who asked for summary

8    judgment is entitled to judgment as a matter of law, which will end your case.

9    When a party you are suing makes a motion for summary judgment that is

10    properly supported by declarations (or other sworn testimony), you cannot simply

11    rely on what your complaint says.  Instead, you must set out specific facts in

12    declarations, depositions, answers to interrogatories, or authenticated documents,

13    as provided in Rule 56(e), that contradicts the facts shown in the defendant's

14    declarations and documents and show that there is a genuine issue of material

15    fact for trial.  If you do not submit your own evidence in opposition, summary

16    judgment, if appropriate, may be entered against you.  If summary judgment is

17    granted, your case will be dismissed and there will be no trial.  Rand v. Rowland,

18    154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

19          Plaintiff is also advised that a motion to dismiss for failure to exhaust

20    administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your

21    case, albeit without prejudice.  You must "develop a record" and present it in

22    your opposition in order to dispute any "factual record" presented by the

23    defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120

24    n.14 (9th Cir. 2003).

25            d.      Defendants shall file a reply brief within 15 days of the date

26    on which plaintiff serves them with the opposition.

27

28                             4

1     e.    The motion shall be deemed submitted as of the date the

2   reply brief is due.  No hearing will be held on the motion unless the court so

3   orders at a later date.

4     3.    Discovery may be taken in accordance with the Federal Rules of

5   Civil Procedure.  No further court order is required before the parties may

6   conduct discovery.

7     4.    All communications by plaintiff with the court must be served on

8   defendants, or defendants' counsel once counsel has been designated, by mailing

9   a true copy of the document to defendants or defendants' counsel.

10     5.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must

11   keep the court and all parties informed of any change of address and must comply

12   with the court's orders in a timely fashion.  Failure to do so may result in the

13   dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

14   SO ORDERED.

15   DATED: _April 18, 2008_

16
                              CHARLES R. BREYER
                              United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28   G:\PRO-SE\CRB\CR.07\Garcia, J1.service.wpd                    5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


JAMES G. GARCIA,

        Plaintiff,

v.

BEN CURRY et al,

        Defendant.

_____/

Case Number: CV07-06262 CRB

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 18, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


James G. Garcia K-26584
Ironwood State Prison
ISP/D3-102
P.O. Box 2199
Blythe, CA 92226

Dated: April 18, 2008

                Richard W. Wieking, Clerk
                By: Barbara Espinoza, Deputy Clerk

1 | <u>DECLARATION OF SERVICE BY U.S. MAIL, 28 USC §2242</u>

2

3 | Case Name: <u>**GARCIA V. CURRY, Warden, et al.,**</u>
Case No: **CV 07-6262 CRB (PR)**

4 | I am over the age of eighteen (18) years and older. I am a

5 | party to the attached action. My current address is Ironwood
State Prison, P.O. Box 2199, Blythe, California, 92226.

6

7 | On May 2, 2008, I served the attached **MOTION FOR JOINDER OF**

8 | **PERSONS NEEDED FOR JUST ADJUDICATION** hereof enclosed in a sealed
envelope with postage affixed thereon and surrendered said

9 | envelope to the staff of Ironwood State Prison entrusted with

10 | the logging and mailing of inmate legal mail addressed as
followed:

11

12 | OFFICE OF THE CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

13 | 450 GOLDEN GATE AVENUE
SAN FRANCISCO, CA 94102

14

15 | I declare under penalty of perjury under the laws of the State

16 | of California the forgoing is true and correct and that this
declaration was executed on the 2nd day of May 2008 at Ironwood

17 | State Prison, in Blythe, California.

18

19 |                     James G. Garcia

20 | _____        _____
                    Declarant                              Signature

21

22

23

24

25

26

27

28

JAMES C. GARCIA
PRISONERID#: K-26584,
IRONWOOD STATE PRISON
P.O. BOX 2199, D3-102
BLYTHE, CALIFORNIA 92226

OFFICE OF THE CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE,
SAN FRANCISCO, CALIFORNIA 94102